UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x
                       :

UNITED STATES OF AMERICA     :
                       :

        -v.-         :    **INDICTMENT**
                       :

NICHOLAS TRUGLIA,      :    19 Cr.
                       :    **19 CRIM 921**
                       :

          Defendant.  :
                       :

- - - - - - - - - - - - - - - - x

## COUNT ONE

### (Conspiracy to Commit Wire Fraud)

The Grand Jury charges:

### OVERVIEW

1.    In or around January 2018, NICHOLAS TRUGLIA, the defendant, participated in a scheme to conduct a cyber intrusion of online accounts of a victim (the "Victim"), in order to steal cryptocurrency.

2.    During the course of the scheme, participants in the scheme (the "Scheme Participants") gained unauthorized access to online accounts of the Victim through a cyber intrusion technique referred to as "SIM swapping." During a SIM swap attack, cyber threat actors gain control of a victim's mobile phone number by linking that number to a subscriber identity module ("SIM") card controlled by the threat actors, resulting in the victim's calls and messages being routed to a device

controlled by the threat actors. The threat actors then use control of the victim's mobile phone number to obtain unauthorized access to accounts held by the victim that are registered to the mobile phone number.

3. After the Scheme Participants successfully gained unauthorized access to certain online accounts of the Victim via a SIM swap of the Victim's mobile phone number (the "SIM Swap"), NICHOLAS TRUGLIA, the defendant, participated in an online call with other Scheme Participants, at least one of whom was located in the Southern District of New York, during which TRUGLIA became aware of the SIM Swap and agreed to receive cryptocurrency fraudulently diverted from an online account of the Victim to an online account under TRUGLIA's control. TRUGLIA further agreed to convert the stolen cryptocurrency into Bitcoin, another form of cryptocurrency, and then transfer the Bitcoin to other Scheme Participants, while keeping a portion as payment for his services. In total, during the SIM Swap, Scheme Participants fraudulently diverted approximately $23.8 million worth of cryptocurrency during the SIM Swap.

## STATUTORY ALLEGATIONS

4. In or about January 2018, in the Southern District of New York and elsewhere, NICHOLAS TRUGLIA, the defendant, and

2

others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

5.   It was a part and object of the conspiracy that NICHOLAS TRUGLIA, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, TRUGLIA engaged in a SIM swapping scheme to fraudulently obtain approximately \$23.8 million worth of cryptocurrency from an online account controlled by the Victim, which scheme involved the use of interstate wires, including interstate wires into and out of the Southern District of New York.

(Title 18, United States Code, Section 1349.)

3

## COUNT TWO

### (Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

6. In or about January 2018, in the Southern District of New York and elsewhere, NICHOLAS TRUGLIA, the defendant, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i).

7. It was a part and an object of the conspiracy that NICHOLAS TRUGLIA, the defendant, and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, approximately $23.8 million in proceeds of the wire fraud scheme charged in Count One of this Indictment, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified

4

unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATION AS TO COUNT ONE

8. As a result of committing the offense alleged in Count One of this Indictment, NICHOLAS TRUGLIA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

## FORFEITURE ALLEGATION AS TO COUNT TWO

9. As a result of committing the offense alleged in Count Two of this Indictment, NICHOLAS TRUGLIA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in

5

United States currency representing the amount of property involved in said offense.

## Substitute Assets Provision

10.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

GEOFFREY S. BERMAN ᴛᴴ
United States Attorney

6

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**NICHOLAS TRUGLIA,**

**Defendant.**

**INDICTMENT**

19 Cr. _____

(18 U.S.C. §§ 1349 and 1956(h).)

GEOFFREY S. BERMAN
United States Attorney.

TRUE BILL

_____
FOREPERSON

12/19/19

Filed Indictment
case assigned to Judge Hellerstein
Arrest Warrant Issued

USMJ Fox

MQ