

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 15, 2021

**VIA EMAIL**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

The parties are hereby ordered to appear for a bail hearing on March 30, 2021, at 12:00 p.m.

So ordered,
/s/ Hon. Alvin K. Hellerstein
March 25, 2021

Re:   *United States v. Nicholas Truglia*, 19 Cr. 921 (AKH)

Dear Judge Hellerstein:

The Government writes to respectfully request that the Court schedule a conference to address potential violations of the defendant's conditions of release in the above-referenced case.

As the Court is aware, the defendant is charged in a two-count Indictment with participating in a conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and with participating in a conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). The charges stem from his alleged role in a scheme to conduct a cyber intrusion of online accounts of a victim. The intrusion, which was accomplished in or around January 2018 via a takeover of the victim's mobile phone number, resulted in the theft of approximately $23.8 million worth of cryptocurrency.

On or about April 15, 2020, the defendant was presented before Magistrate Judge Robert W. Lehrburger in the Southern District of New York. At the conclusion of the presentment, Magistrate Judge Lehrburger set bail conditions. Among other conditions, the defendant was prohibited from using devices capable of accessing the Internet, such as computers and cellphones.

In or around mid-December 2020, the Government received copies of WhatsApp communications (the "December Communications"). WhatsApp is popular application that enables a user of the application to, among other things, use a cellphone's Internet connection to send messages to other users of the application. The recipient of the December Communications believed that the messages were sent by the defendant. After learning of the December Communications, the Government obtained records from WhatsApp, which reflect that the account from which the communications were sent was associated with an iPhone and that the account accessed the application in mid-December 2020 from a particular IP address (the "IP Address"). The Government also recently obtained records from the telecommunications company (the "Telecommunications Company") associated with the IP Address. According to the records, the subscriber to whom the IP Address was assigned has the same last name as the

Page 2

defendant.  In addition, the address listed for the subscriber is on the same street as the defendant's current residence.[1]

In addition, during the past few days, the Government received copies of additional text and Instagram communications (the "March Communications").  The recipients of the March Communications believe that the March Communications were also sent by the defendant.  The recipients of the communications, which, in substance and in part, refer to "revenge" and a plan to cause negative media attention, believe that the messages are threats, which the recipients are concerned the defendant may act upon.  Based on media reports, the defendant previously accused the recipients of the communications of attempting to steal the defendant's cryptocurrency.  Criminal charges were subsequently filed against the recipients in state court in 2018.  According to the reports, the charges were ultimately dismissed and sealed.  Copies of examples of the December and March Communications, from which names have been redacted, are enclosed as Exhibit A.[2]

Accordingly, the Government requests that the Court schedule a conference at the first available opportunity to address the defendant's potential violations of his release conditions.  As the defendant currently resides in Florida, the Government is amenable to proceeding with such a conference via video or telephone.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: _____
Timothy Capozzi
Assistant United States Attorney
(212) 637-2404

cc:    Mark Gombiner, Esq., Federal Defenders of New York

---

[1] The Government obtained the WhatsApp and Telecommunications Company records referenced above in response to grand jury subpoenas.  In an abundance of caution and in an effort to avoid any unauthorized disclosure of grand jury materials, the Government is filing this letter, which it has not shared with Pretrial Services, by email.  In addition, the Government has thus far not shared the existence of these records or the records themselves with Pretrial Services.  The Government will promptly provide copies of this letter and the records to Pretrial Services if the Court authorizes such disclosure.

[2] The Government has shared with Pretrial Services copies of the December Communications and the March Communications, which the Government obtained outside the grand jury subpoena process.