

250 Vesey Street
27th Floor
New York, NY 10281

wmhlaw.com
T: 212-335-2030
F: 212-335-2040

June 15, 2021

**Via ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

So ordered.

/s/ Hon. Alvin K. Hellerstein
June 16, 2021

Re: *United States v. Nicholas Truglia*, 19-cr-00921-AKH-1

Dear Judge Hellerstein:

We represent Defendant Nicholas Truglia in the above-noted case. After discussions with, and at the suggestion of, the Government and Pretrial Services, we write to respectfully request a modest modification of Mr. Truglia's bail conditions. In brief, Mr. Truglia—who is under home detention in Florida, pursuant to conditions described more fully below—traveled to New York this past Sunday, June 13, 2021, exclusively for the purpose of meeting with his counsel. While Mr. Truglia discussed his New York trip in advance with his assigned Florida Pretrial Services Officer, neither he nor his counsel advised his New York Pretrial Services Officer, Mr. Dennis Khilkevich, of the planned trip. We learned yesterday morning, while meeting in our office with Mr. Truglia, that Mr. Khilkevich was unaware of the trip. Accordingly, we immediately spoke with Mr. Khilkevich, who subsequently met in person with Mr. Truglia yesterday. We write simply to advise the Court of the foregoing, to seek the Court's approval for Mr. Truglia to complete his contemplated counsel visit in New York today and tomorrow, and to seek the modification of Mr. Truglia's bail conditions to make clear that in the future, he may travel to New York for the express purpose of meeting with counsel or appearing in Court, so long as he secures the advance permission of Pretrial Services.

Mr. Truglia was presented and arraigned on April 15, 2020, after which he was released on bail pursuant to the following conditions: a $250,000 personal recognizance bond co-signed by one financially responsible person; travel restricted to the Southern and Eastern Districts of New York, the District of New Jersey and the Northern District of California; pretrial supervision as directed by Pretrial Services; no possession of firearms, destructive devices or weapons; no access to any internet-accessible devices; no possession of personally-identifying information of others; no engaging in the conduct alleged in the Indictment or contact with others involved in such conduct; compliance with the release conditions imposed in the Defendant's pending California state case, which include restriction to his father's New Jersey residence and imposition of an ankle bracelet; and home detention with electronic monitoring (to the extent not already covered by the California supervision). On August 6, 2020, the Court modified those conditions to allow Mr. Truglia to continue his home detention at his father's residence in Winter Park, Florida. And on April 27, 2021, the Court again modified the conditions by adding the following: no possession or use by the Defendant of his father's phones or computers; the Defendant's obtaining of a phone that is unable to access the internet; disclosure to Pretrial Services of all computers at the

Defendant's residence, and the disabling of the internet features of any such computers used by the Defendant.

On or about May 10 and May 13, 2021, the undersigned discussed with the Government the possibility of Mr. Truglia traveling to New York for the sole and exclusive purpose of meeting with his counsel to prepare his defense. In connection therewith, the Government has produced hundreds of thousands of pages of data to the undersigned counsel for our review, and we intend to discuss the same with Mr. Truglia. In our discussion on May 13, Assistant United States Attorney Timothy Capozzi expressed no objection to Mr. Truglia's travel to New York for such a purpose, subject to approval from Pretrial Services.

On or about June 10, 2021 (i.e., last Thursday), Mr. Truglia discussed the contemplated visit to New York with his Florida Pretrial Services Officer, Charles Sweatt, who did not object to the plan and advised Mr. Truglia to inform Mr. Sweatt of the details of Mr. Truglia's contemplated itinerary. This was consistent with prior practice on at least two occasions in which Mr. Truglia traveled to California without Pretrial Services objection for the purpose of meeting with his California counsel and attending court proceedings in that jurisdiction. Mr. Truglia likewise notified the private service conducting his electronic monitoring in connection with the California matter that he would be traveling to New York.

On Sunday, June 13, 2021, Mr. Truglia flew to New York for his meeting with counsel and yesterday morning he met with the undersigned counsel in our office at 250 Vesey Street. It was not until yesterday morning, upon receiving an email from Mr. Khilkovich, that we were advised that Mr. Khilkevich had been unaware of Mr. Truglia's travel plans. Additionally, at that time we also discovered that the email transmitting to Mr. Sweatt the details of Mr. Truglia's itinerary (plane and hotel reservations) contained a typo in the email address, such that it was not received by Mr. Sweatt at that time. I then forwarded that email to Mr. Sweatt, Mr. Khilkevich, and the Government, who now have all the precise details of Mr. Truglia's flight and hotel arrangements. I also then spoke with Mr. Khilkevich, who advised the undersigned that he would like to meet with Mr. Truglia in person at the end of the day, once Mr. Truglia was finished meeting with his counsel. Mr. Truglia then indeed met with Mr. Khilkevich in person yesterday afternoon.

The undersigned has since spoken with Mr. Khilkevich and AUSA Capozzi, who have suggested that we update the Court on the foregoing. In addition, we respectfully request that the Court modify the Defendant's bail conditions to make expressly clear that Mr. Truglia may complete his contemplated counsel visit in New York today and tomorrow, and in the future may travel to New York for the express purpose of meeting with counsel or appearing in Court, so long as he secures the advance permission of Pretrial Services and complies with all other bail conditions as expressly directed by Pretrial Services. Mr. Khilkevich, on behalf of Pretrial Services, and AUSA Capozzi, on behalf of the Government, consent to this request.

Respectfully submitted,

Jeffrey A. Udell

cc:    AUSA Timothy Capozzi
       PSO Dennis Khilkevich
       PSO Charles Sweatt