

**U.S. Department of Justice**
*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 16, 2023

**BY ECF:**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Truglia*, 19 Cr. 921 (AKH)

Dear Judge Hellerstein:

      The Government respectfully submits this letter in response to the Court's direction that the parties file letters addressing whether the Court may draw an adverse inference against the defendant for his decision not to testify during the recent hearing in the above-referenced case. As set forth below, neither the Supreme Court nor the Second Circuit has ruled on whether the "no adverse inference rule," which generally applies to criminal proceedings, also applies to revocation proceedings. Similarly, the Government has not identified any cases where a District Judge in the Second Circuit has drawn an adverse inference against a defendant in a revocation proceeding. Here, given the lack of precedent, the Government respectfully submits that the Court need not rely on any such adverse inference because the evidence presented during the hearing amply establishes that (1) the defendant is in default of the Court's restitution order; has knowingly and willfully failed to satisfy his obligations outlined in that order; and therefore the Court may resentence the defendant pursuant to Title 18, United States Code, Sections 3613A(a)(1) and 3614; and (2) the defendant has violated multiple conditions of his supervised release.

      "A district court may not draw a 'negative inference' from a defendant's exercise of his right under the Fifth Amendment not to testify, whether at trial or in connection with sentencing." *United States v. Borrajo*, 465 F. App'x 53, 55 (2d Cir. 2012) (citing *Mitchell v. United States*, 526 U.S. 314, 327 (1999)). In *Mitchell*, the Supreme Court held that a sentencing court may not draw an adverse inference from a defendant's silence in determining facts relating to the circumstances and details of the crime. *Id.* at 324, 328. In doing so, the Court recognized that a guilty plea does not totally waive the defendant's self-incrimination privilege at sentencing with respect to both the underlying relevant conduct and other unrelated criminal activity that poses the threat of additional punishment. *Id.* at 326-27. The Court reasoned that "a defendant may have a legitimate fear of adverse consequences from further testimony . . . [and] any effort . . . to compel [that testimony] . . . at the sentencing hearing clearly would contravene the Fifth Amendment." *Id.* at 326 (quotation omitted). The Court concluded that "[b]y holding petitioner's silence against her in determining the facts of the offense at the sentencing hearing, the District Court imposed an impermissible

burden on the exercise of the constitutional right against compelled self-incrimination." *Id.* at 330. However, the Court explicitly limited its holding regarding inferences drawn from a defendant's silence to facts about the substantive offense and did not address other inferences that may be drawn from a defendant's silence. The Court stated: "Whether silence bears upon the determination of a lack of remorse, or upon acceptance of responsibility . . . is a separate question. It is not before us, and we express no view on it." *Id.*

Since *Mitchell*, circuit courts "have readily confined *Mitchell* to its stated holding, and have allowed sentencing courts to rely on, or draw inferences from, a defendant's exercise of his Fifth Amendment rights for purposes other than determining the facts of the offense of conviction." *Lee v. Crouse*, 451 F.3d 598, 606 n.3 (10th Cir. 2006); *see United States v. Warren*, 338 F.3d 258, 263-66 (3d Cir. 2003) (no Fifth Amendment violation from denial of safety valve reduction based on defendant's post guilty-plea silence); *United States v. Kennedy*, 499 F.3d 547, 551-52 (6th Cir. 2007) (no Fifth Amendment violation from district court's consideration at sentencing of defendant's refusal to submit to psychological examination); *United States v. Keskes*, 703 F.3d 1078, 1091 (7th Cir. 2013) ("The record shows that [the defendant] was not punished for exercising his constitutional right to remain silent, but rather that the district court considered his lack of remorse in determining his sentence.").

The Supreme Court has not ruled whether *Mitchell*'s "no adverse inference rule" applies to revocation proceedings. *See United States v. Smith*, 553 F. App'x 130, 134 (3d Cir. 2014); *United States v. Williams*, 520 F. App'x 420, 425 (6th Cir. 2013). The Supreme Court has observed, however, that a revocation of probation hearing "is not a criminal proceeding," and the privilege against self-incrimination is not available to a probationer when his testimony would be used solely to determine the propriety of revoking his release. *Minnesota v. Murphy*, 465 U.S. 420, 435 n.7 (1984). The Third Circuit has found no plain or obvious error in a district court inferring lack of remorse from a defendant's silence during a revocation proceeding where testimony from the defendant would have posed no realistic threat of incrimination in a separate criminal proceeding. *See Smith*, 553 F. App'x at 134. The Sixth Circuit has affirmed a sentence imposed in a revocation proceeding where the district court made no factual determinations based on the defendant's silence during that proceeding and instead simply considered that fact in assessing the defendant's ability to be rehabilitated. *See Williams*, 520 F. App'x at 425-26.

While at least one District Judge in the Second Circuit has contemplated drawing an adverse inference against a defendant in a revocation proceeding, the Government has not identified any case in which a District Judge in the Second Circuit has in fact drawn such an inference. *See United States v. Hightower*, 312 F. Supp. 3d 426, 431 (S.D.N.Y. 2018), *aff'd*, 950 F.3d 33 (2d Cir. 2020) (noting that "[a]s a general matter, the Court is . . . wary to draw a negative inference in supervised release proceedings"). Here, the Court need not draw such an inference. The defendant admitted to leaving the district of his residence without permission, as alleged in Specification 4. At the hearing, the Government established by a preponderance of the evidence that the defendant also committed the violations alleged in Specifications 6 and 7—that is, he lied to his Probation Officer about his job search and failed to follow his Probation Officer's instructions concerning that search. Finally, the evidence shows that the defendant has willfully failed to pay his restitution obligation, which is both a violation of Specification 5 and a basis upon

which the Court may resentence the defendant.

                         Respectfully submitted,

                         DAMIAN WILLIAMS
                         United States Attorney

By: _____
       Timothy V. Capozzi
       Assistant United States Attorney
       (212) 637-2404

cc:    Mark Gombiner, Esq. (by ECF)