

**U.S. Department of Justice**
*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 17, 2023

**BY ECF:**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Truglia*, 19 Cr. 921 (AKH)

Dear Judge Hellerstein:

The Government respectfully writes in response to the defendant's assertion that the Government "chose" not to seek resentencing and is therefore "precluded" from doing so now. (Dkt. 96 ("Def. Ltr.") at 3). The defendant mischaracterizes the record and is wrong. Moreover, even if the Government made such a choice, the Court is entitled to exercise its independent authority under Title 18, United States Code, Section 3614 to order a resentencing of the defendant for his continued willful failure to pay his restitution obligation.

To support his preclusion claim, the defendant relies upon the conference before Your Honor on August 2, 2023, during which the parties proposed a scheduling order pursuant to which the Government would have had a deadline of September 8, 2023, by which to decide whether to seek resentencing. (Def. Ltr. at 3). The Court did not adopt that proposal, however, and instead scheduled a hearing focused on certain of the specifications detailed in the pending violation report filed against the defendant, understandably reasoning that "the primary interest at this time is to obtain restitution." (Tr. of Aug. 2, 2023 Conference ("Aug. 2, 2023 Tr."), attached as Exhibit A, at 2-3). Accordingly, contrary to the defendant's assertions, the Government did not "choose" to abandon any argument concerning a potential resentencing and has not "reneged" on any such choice.[1]

_____

[1] The defendant also mischaracterizes the Court's comment at the August 2, 2023, conference that defense counsel was "logically . . . correct." The Court did not, as the defendant asserts, conclude that there could not be both a VOSR hearing and a resentencing. (Def. Ltr. at 3). Rather, the Court recognized that if the Court went forward and resentenced the defendant, which would result in a new judgment, the pending violation proceeding would be mooted because the judgment upon which the violation specifications are based would no longer be operative. (*See* Aug. 2, 2023 Tr. at 3).

The defendant also inaccurately suggests that resentencing would be an unfair surprise. (*See* Def. Ltr. at 3 (contending that "Mr. Truglia unequivocally understood the government had made its choice")).  To the contrary, the Government has repeatedly alerted the defendant to the possibility of resentencing if he continued to fail to pay back his victim.  In a letter dated March 17, 2023, which the defendant's Probation Officer reviewed with the defendant and had the defendant sign on April 11, 2023, the Government advised the defendant, among other things, that "[i]f you continue to fail to comply with the Court's [restitution] order, this Office may pursue enforcement remedies, including, but not limited to, seeking a resentencing for your failure to pay a delinquent restitution obligation."  Again, on July 20, 2023, at a conference before Your Honor, the Government noted that "[i]t may be the case here that there are grounds for a resentencing on the original indictment based on a willful failure to pay restitution."  (Tr. of July 20, 2023 Conference at 8-9).  Nevertheless, the defendant baldly asserts he "obviously would have conducted the hearing differently" if he thought he might be resentenced.  (Def. Ltr. at 3). Tellingly, the defendant specifies nothing that he would have done differently.  And given that the primary specification at issue during the hearing presents the same question relevant to resentencing—whether the defendant has failed to make a good faith effort to pay restitution—it is not at all obvious what different approach he would have taken.  Nor does he identify in his letter anything he would like the opportunity to do now before a resentencing.

Ultimately, the defendant cites no authority and the Government is aware of none that would prevent the Court from exercising its independent authority to order a resentencing of the defendant.  The relevant statutes do not require that the Government initiate or seek resentencing— the authority is vested with the Court.  Other courts confronted with other defendants who have similarly failed to honor their obligations have exercised that authority and ordered resentencings. *See, e.g.*, *United States v. Bengis*, 03 Cr. 308 (LAK), 2017 WL 3605496, at *1 (S.D.N.Y. July 20, 2017) (defendant resentenced to 57 months' incarceration after failing to pay restitution, where original sentence was 46 months' incarceration); *United States v. Chusid*, 00 Cr. 263 (LAK) (S.D.N.Y. May 28, 2003), *aff'd United States v. Chusid*, 372 F.3d 113 (2d Cir. 2004) (defendant resentenced to 41 months' incarceration after failing to pay restitution, where original sentence was 37 months' incarceration); *United States v. Johnston*, 595 F.3d 292 (6th Cir. 2010) (defendant resentenced to 51 months' incarceration after failing to pay restitution, where original sentence was 25 months' incarceration).  Here, the defendant has violated his conditions of supervision, and he has willfully failed to pay restitution.  The Court may elect to sentence the defendant for his violations.  The Court may also decide that ordering a resentencing is appropriate given the totality of the circumstances, including the central role the defendant's false promise to promptly pay back his victim played in the Court's determination of an appropriate sentence, and the elaborate and fraudulent scheme the defendant has pursued since sentencing in an attempt to deceive the Court,

the Probation Office, and his victim that he would honor that obligation.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Timothy V. Capozzi
Assistant United States Attorney
(212) 637-2404

cc:     Mark Gombiner, Esq. (by ECF)