UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **GOVERNMENT'S MOTION IN SUPPORT OF ITS PROPOSED PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS** |
| - v. - | : | |
| | : | |
| NICHOLAS TRUGLIA, | : | 19 Cr. 921 (AKH) |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The United States of America hereby moves pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), for the entry of a Preliminary Order of Forfeiture as to Substitute Assets to include certain property of NICHOLAS TRUGLIA (the "Defendant") as substitute assets, to be applied towards the forfeiture money judgment that was entered against him in the above-captioned case on or about November 30, 2022.

## I. Background

1.      On or about December 19, 2019, the Defendant was charged in a two-count Indictment, 19 Cr. 921 (AKH) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two).

2.      On October 28, 2021, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money equal to $983,010.72 in United States currency,

representing the proceeds traceable to the commission of the offense charged in Count One of the Indictment.

### The Order of Forfeiture

3.      On or about November 30, 2022, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment (the "Order of Forfeiture"), imposing a forfeiture money judgment against the Defendant in the amount of $983,010.72 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained (D.E. 60).

4.      To date, the entire Money Judgment entered against the Defendant remains unpaid.

### The Location of Additional Assets

5.      As set forth in the accompanying Declaration of Special Agent David Fusco, the United States has not been able to locate, obtain, or collect any assets traceable to the proceeds of the Defendant's offense to satisfy the outstanding Money Judgment, despite the exercise of due diligence in investigating the assets of the Defendant.

6.      However, the United States has located the following assets of the Defendant:

a.  One (1) Louis Vuitton watch roll case;

b.  One (1) IF&CO 18k white gold 50 Pointer Vincent Tennis Bracelet SI+ near Colorless 7;

c.  One (1) IF&CO 18k white gold 25 Pointer Vincent Tennis Chain SI+ near colorless 19 inches;

d.  One (1) Chrome Hearts 18k yellow gold "twist" chain;

e.  One (1) Chrome Hearts 18k yellow gold diamond cross; and

f.  One (1) Chrome Hearts 18k yellow gold diamond cross bracelet;

(a. through f., collectively, the "Substitute Assets").

7.      The United States is now seeking to forfeit all of the Defendant's right, title, and interest in the Substitute Assets and to have them, once forfeited, applied as a payment towards the satisfaction of the Defendant's outstanding Money Judgment.

8.      For the following reasons, the Government respectfully requests that all of the Defendant's right, title and interest in the Substitute Assets be forfeited to the United States, and applied as a payment towards the Money Judgment.

### III.  Discussion

9.      Title 21, United States Code, Section 853(p) provides that, if "as a result of any act or omission of the defendant" any property

(A)      cannot be located upon the exercise of due diligence;
(B)      has been transferred or sold to, or deposited with, a third party;
(C)      has been placed beyond the jurisdiction of the court;
(D)      has been substantially diminished in value; or
(E)      has been commingled with other property which cannot be divided without difficulty.

the "court shall order the forfeiture of any other property of the defendant, up to the value of any property" so transferred or moved by the defendant.

10.      Additionally, Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure further provides that-

On the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that:

(B) is substitute property that qualifies for forfeiture under an applicable statute.

Fed. R. Crim. P. 32.2(e)(1) (emphasis added).

11.      Thus, the court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of the Defendant's actions or omissions, the United States is

unable to locate or obtain the specific proceeds of the Defendant's offenses. *See United States* v. *Alamoudi,* 452 F.3d 310, 314 (4th Cir. 2006) ("Section 853(p) is not discretionary.... [w]hen the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property"). If there are persons who claim an interest in the Substitute Asset, they will have an opportunity to challenge the Government's entitlement to the Substitute Asset in the ancillary hearing phase of these proceedings. *See* 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c) and (c)(2)(B). Under Section 853(n) and Rule 32.2(e)(2), the government must provide notice of its intent to dispose of the property to known interested parties. Persons alleging an interest in the forfeited property then have 30 days, from the date of last publication or actual notice, within which to petition this Court for a hearing to determine the validity of their claims. 21 U.S.C. § 853(n)(2). If there are no petitions filed or a petition is denied, the Court will enter a final order forfeiting the substitute property to the United States. The property will not be disposed of by the Government until all third-party claims are resolved by the Court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## IV. **Conclusion**

Wherefore, for the aforementioned reasons, the United States requests that its motion for forfeiture of substitute property be granted and that an order be entered forthwith forfeiting all of the Defendant's right, title, and interest in the Substitute Assets to the United States and granting such other relief as may be deemed necessary and appropriate.

Dated:  New York, New York
         October 9, 2024

                              DAMIAN WILLIAMS
                              United States Attorney for the
                              Southern District of New York


                    By: _____
                              Timothy Capozzi
                              Assistant United States Attorney
                              26 Federal Plaza
                              New York, New York 10278
                              (212) 637-2404