**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

April 20, 2025

Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007

Re: **United States v. Truglia**
    **19 Cr. 921 (AKH)**

Your Honor:

    The scheduled April 29, 2025 re-sentencing of Mr. Truglia, pursuant to Title 18, U.S.C. § 3614, should not go forward. Re-sentencing under that statute would violate Mr. Truglia's constitutional double jeopardy and due process rights as well as controlling federal statutory sentencing principles.

    If the re-sentencing's goal is to impose a new punishment for Mr. Truglia's 2022 wire fraud conviction, such an additional sanction would deny him his Fifth Amendment right to not face double jeopardy for the same offense.

1

Conversely, the Constitution does not permit the Court to impose a new sentence based on Mr. Truglia's purported *post-conviction and sentence* failure to pay restitution. A sentence based on those allegations would violate his Fifth and Sixth Amendment rights to be charged by indictment and to a jury trial where he would be presumed innocent and the government would have to prove guilt beyond a reasonable doubt.

Additionally, Title 18, U.S.C. §3614-- the statute that purports to authorize a re-sentencing for willful failure to pay restitution-- conflicts with Title 18, U.S.C. § 3553(a), which governs all federal sentences. Section 3614 directs a Court to consider only a subset of the sentencing factors set forth in Sec. 3553(a) and does not include the parsimony provision of Sec. 3553(a).

For all these reasons, the Court should not pursue a novel "resentencing" that is fraught with constitutional and statutory defects. Mr. Truglia has already been severely punished for his purported failure to pay restitution. He has already spent more than 15 additional months in custody, most of it at the notorious Metropolitan Detention Center, for his supposed failure to pay restitution. If the Court believes that Mr. Truglia needs to be still further sanctioned, the appropriate mechanism is to find that he violated a condition of his supervised release and impose a sentence for that violation.

### THE PROPOSED RE-SENTENCING WOULD VIOLATE THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT AND THE DUE PROCESS AND RIGHT TO INDICTMENT AND TRIAL CLAUSES OF THE FIFTH AND SIXTH AMENDMENTS

The Court proposes to resentence Mr. Truglia pursuant to Title 18, U.S.C. § 3614. Section 3614 provides that a Court may "resentence the defendant to *any sentence which may have originally been imposed,*" (emphasis supplied) if a defendant "knowingly fails to pay a delinquent fine or restitution." In instances involving a failure to pay restitution (as opposed to a fine), imprisonment is authorized only if the Court first determines that "in light of the nature of the offense and characteristics of the person, alternatives to imprisonment are not adequate to serve the purposes of punishment and deterrence."

The opaque provisions of this rarely applied statute [1] are at odds with the Constitution. Re-sentencing a defendant for failure to pay restitution (as opposed to finding a supervised release violation) does not comply with the Double Jeopardy

---

[1] Although it is 40 years old, there are only 33 reported appellate cases involving the statute. None of these cases discuss the constitutional objections to the statute.

Clause of the Fifth Amendment and/or the Fifth and Sixth Amendment guarantees of due process and the right to a jury trial and presumption of innocence.

## A. Resentencing Mr. Truglia for his 2022 Wire Fraud Conviction and Sentence would Violate His Constitutional Right to Not Face Double Jeopardy

The Double Jeopardy Clause of the Fifth Amendment provides that no person "shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This clause reflects "'one of the oldest ideas found in western civilization.'" *United States v. Security Nat'l Bank*, 546 F.2d 492, 494 (2d Cir. 1976) (quoting *Bartkus v. Illinois*, 359 U.S. 121, 151 (1959) (Black, J., dissenting)). "Over a century ago, the Supreme Court recognized that the protection of the double jeopardy clause extends beyond the area of multiple prosecutions to place limits upon multiple punishments:

> "For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict?"

*Stewart v. Scully*, 925 F.2d 58, 62–63 (2d Cir. 1991) (quoting *Ex parte Lange*, 85 U.S. [18 Wall.)] 163, 173 [1873]).

On December 1, 2022, the Court sentenced Mr. Truglia to 18 months incarceration for his 2021 plea to wire fraud. Once judgment was entered, the sentence was final. Accordingly, the law is clear that his sentence cannot be increased without violating the Double Jeopardy Clause

The "Double Jeopardy Clause protects the finality of criminal judgments, it prohibits alterations to sentences carrying a legitimate expectation of finality." *United States v. Kyles*, 601 F.3d 78, 83–84 (2d Cir. 2010) (citations omitted). *See also United States v. DiFrancesco*, 449 U.S. 117, 136 (1980)(explaining that a defendant has "no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired."). Mr. Truglia had a legitimate expectation in finality of his prison sentence. After he served his prison term, Mr. Truglia had an expectation that no further prison term could be ordered on his original offense. (He had notice that he could be sent back to prison for violating his term of supervised release, which he was told about at his guilty plea, Dkt. 39 at 14, but he was never told that he could receive a full de novo resentencing for his wire fraud conviction if he failed to pay restitution).

## B. If the "Resentencing" is Intended to Punish Mr. Truglia for the New Allegation of Failing to Pay Restitution, it would deny him his Fifth and Sixth

3

**Amendment Rights to Indictment, Trial by Jury, and the Presumption of Innocence**.

Section 3614 is equally unconstitutional if it is intended to allow "re-sentencing" for the new offense of willfully failing to pay restitution. If that is the statute's purpose it violates Mr. Truglia's right to indictment and trial by jury where he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt.

"The Constitution seeks to safeguard the people's control over the business of judicial punishments by ensuring that any accusation triggering a new and additional punishment is proven to the satisfaction of a jury beyond a reasonable doubt." *United States v. Haymond*, 139 S. Ct. 2369, 2380 (2019) (plurality op.). Section 3614 contemplates new criminal punishment for new conduct – failure to pay restitution – and Mr. Truglia is facing a new prison term. He has a right to a trial by jury and other due process rights, under the Fifth and Sixth Amendments.

The language of Section 3614 (b)(2) suggests that it applies to a new criminal punishment. The statute says that the court should consider "the nature of the offense and the characteristics of the person." 18 U.S.C. § 3614 (b)(2). The statute does not explain what the "offense" is that the court should consider, but it is logical that it would be the "offense" of failing to pay restitution. That is because the original underlying offense of wire fraud is not particularly relevant at the restitution phase, years after that conduct had concluded and after it had already been punished.

The statute also directs the court to consider whether "alternatives to imprisonment are not adequate to serve the purposes of punishment and deterrence." 18 U.S.C. § 3614 (b)(2). Mr. Truglia has already been punished for his original wire fraud offense, so it would not make sense for him to be repunished for wire fraud when he has not committed any new conduct related to wire fraud. What is the court meant to deter and punish, if not the failure to pay restitution? This language too only supports the view that this is a new offense. *See*, *United States v. Lillard,* 935 F.3d 827, 835 (9th Cir. 2019) (applying rule of lenity to restitution provisions of the mandatory victims restitution act because they "carry criminal penalties if violated").

"Only a jury, acting on proof beyond a reasonable doubt, may take a person's liberty. That promise stands as one of the Constitution's most vital protections against arbitrary government." *Haymond*, 139 S. Ct. at 2373 (2019) (plurality op.); *see also Alleyne v. United States*, 570 U.S. 99, 104 (2013) (Sixth Amendment jury trial guarantee and Fifth Amendment Due Process Clause require that each element of a crime be

proven to a jury beyond a reasonable doubt); *In re Winship*, 397 U.S. 358, 361-63 (1970) (discussing how proof beyond a reasonable doubt standard is essential to due process). *See also Apprendi v. New Jersey*, 530 U.S. 466 (2000)); *see also id.* at 2378-78 (recognizing that denying a jury trial both infringes the rights of the accused and "divest[s] the 'people at large'—the men and women who make up a jury of a defendant's peers—of their constitutional authority to set the metes and bounds of judicially administered criminal punishments").

Thus, if the Court finds that resentencing Mr. Truglia does not violate double jeopardy because it is not a second sentencing for his wire fraud conviction, then Mr. Truglia is facing a new criminal charge. If that is the case, he needs to be afforded his Fifth and Sixth Amendment rights.

**The Sentencing Scheme Mandated by Section 3614 is Incomprehensible and Appears to Conflict with Basic Federal Statutory Sentencing Principles**

Besides being unconstitutional, Sec. 3614 conflicts with basic federal statutory sentencing principles. Section 3614 announces a unique sentencing matrix in which the Court is directed to evaluate only the "nature" of the offense and the "characteristics" of the person in deciding whether imprisonment is required. If imprisonment is required using those undefined metrics, the only factors the Court can then consider in determining the length of the sentence are "punishment and deterrence."

Section 3614's sentencing scheme is both incomprehensible and contrary to normal sentencing practices. First., as noted above, it is not even clear what the "nature of the offense" refers to—the underlying conviction or the failure to pay restitution."

Moreover, unlike Sec. 3553(a)(1), (directing sentencing Courts to consider the "nature and circumstances of the offense" and the "history and characteristics of the defendant) the Court is limited to assessing the "nature" of the offense, but not the "circumstances" and the "characteristics" of the defendant, but not his "history." *This peculiar limitation is not accompanied by any elucidation as to what aspects of* the "nature" of the offense or the "characteristics" of the defendant would make imprisonment the only alternative.

If the Court does decide that imprisonment is required, "punishment and deterrence" are the sole statutory factors governing the length of the sentence." This, of course, is wholly unlike the multiple sentencing considerations identified in Sec. 3553(a)(2) which include

5

Finally, Sec. 3614 does not impose a parsimony limitation. Sentences imposed under Sec. 3553(a) must be "sufficient, but not greater than necessary" to achieve the statutory goals of sentencing. Sec. 3614 contains no such limitation.

The Probation Office's Presentence Report Recommendation underscores the problems with Sec. 3614's sentencing scheme. In contravention to Sec. 3614's sentencing scheme, the Probation Office states that its recommendation is based "on the factors set forth in Sec. 3553(a)." PSR, **Recommendation**, page 42. Indeed, contrary to Sec. 3614's limitations, the **Recommendation** considers at length both Mr. Truglia's "history" and the "circumstances" of the wire fraud offense. Ultimately, the Recommendation suggests a sentence within the middle of the guideline range for *wire fraud*. However, its justification for this recommendation (300 percent greater than the original sentence) is Mr. Truglia's alleged willful failure to pay restitution-- which has nothing to do with wire fraud. This overall incoherent approach is not the fault of the Probation Office but of a statute that does not make sense.

**No Additional Imprisonment is Warranted Even if the Court Finds that Section 3614 Comports with the Constitution and Federal Sentencing Statutes.**

Even if the Court concludes that Section 3614 is constitutionally and statutorily valid, it should still find that still more imprisonment beyond the time Mr. Truglia has already been incarcerated additional imprisonment is not warranted.

Mr. Truglia was released from his original 18-month sentence in January of 2023. In May of 2023, he was incarcerated based on various alleged violations of the terms of his supervised release and was not released until November 13, 2024. For almost all that time, Mr. Truglia's failure to pay restitution has been the reason for his imprisonment.

Despite extensive inquiry, there has never been any showing that Mr. Truglia has, or ever has had since he was released in January of 2024, the financial ability to satisfy the $20 million restitution order. Mr. Truglia contends that he has a Bitcoin wallet now worth hundreds of millions of dollars, but that he can't access the wallet and hasn't been able to since he was released in January of 2024. The government contends that the Bitcoin wallet is a fabrication but has offered only wild speculation about any other assets that would permit Mr. Truglia to pay the restitution. The most recent Presentence Report notes that Mr. Truglia has surrendered or forfeited all his remaining assets except for a fraction of a bitcoin.

On these facts, the statute does not permit further incarceration. Because there is zero evidence that Mr. Truglia can pay the restitution he cannot be incarcerated based on his lack of available funds. *United States v. Rutigliano*, 887 F.3d 98, 107 (2d Cir. 2018) ("only a willful failure to pay restitution can result in incarceration… and the law specifically prohibits incarceration solely on the basis of a defendant's financial inability to pay). As the Supreme Court explained in the probation context:

> If the probationer has made all reasonable efforts to pay the fine or restitution, and yet cannot do so through no fault of his own, it is fundamentally unfair to revoke probation automatically without considering whether adequate alternative methods of punishing the defendant are available.

*Bearden v. Georgia*, 461 U.S. 660, 668–69 (1983).

## CONCLUSION

Section 3614 was enacted over 40 years ago but is rarely used. It has been referenced only 33 times in circuit courts across the country. None of these cases analyze the statute or discuss double jeopardy, jury trials, or any constitutional rights. The same is true of the few district court cases that have cited this statute.[2] The matters facing this Court are of first impression. Rather than address these serious

---

[2] Only 54 district court cases across the country cite this statute, based on a Westlaw search of the citation. Counsel found none that substantively discussed the legality of this statute or the issues raised here. Many of them appear to have cited the statute by accident, as they do not address restitution issues, but issues related to halfway house placement. *E.g., Dennis v. Sage*, No. 4:24-CV-00059, 2024 WL 1913175, at *4 (M.D. Pa. May 1, 2024) (misciting 3614 for proposition about halfway house eligibility); *Gomez v. Sage*, No. 1:24-CV-00032, 2024 WL 1285537, at *3 (M.D. Pa. Mar. 26, 2024) (same); *Johnson v. Bradley*, No. 1:21-CV-0017, 2021 WL 2808735, at *2 (M.D. Pa. July 6, 2021) (same).

It has been cited just four times in New York district courts, which also do not address any legal challenges to the statute. *United States v. Bengis*, No. 03CR308LAKAJP, 2017 WL 3605496, at *1 (S.D.N.Y. July 20, 2017) (mentioning that the court had resentenced defendant);*United States v. Kestenbaum*, 908 F. Supp. 2d 364, 369 (E.D.N.Y. 2012), aff'd and remanded, 552 F. App'x 74 (2d Cir. 2014) (using statute for probationer; circuit analyzed sentence as if it was a violation of probation); *United States v. Brill*, No. 99-CR-0827NGCLP, 2007 WL 2274668, at *5 (E.D.N.Y. Aug. 6, 2007) (mentioned in passing for person trying to change their restitution obligation); *Gambino v. United States*, No. 97 CIV. 2976 (HB), 1997 WL 639041, at *1 (S.D.N.Y. Oct. 15, 1997) (referencing provision relating to nonpayment of fines).

constitutional questions, this Court should decline to use this seldom used statute and proceed with Mr. Truglia's violation of supervised release proceedings.

                                              Respectfully submitted,

                                                    /s/

                                              Mark Gombiner
                                              Allegra Glashausser
                                              Christopher Flood

                                              Attorneys for Nicholas Truglia

Cc: AUSA Timothy Capozzi