UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
UNITED STATES OF AMERICA,                                    :
                                                             :    **ORDER FOR RESENTENCING**
   -against-                                             :
                                                             :    19 Cr. 921 (AKH)
NICHOLAS TRUGLIA,                                            :
                                                             :
                                  Defendant.               :
                                                             :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        I will conduct the resentencing of Defendant Nicholas Truglia on July 10, 2025. This Order incorporates findings in previous Orders, both oral and written, and explains why. *See* 02/29/2024 Tr., ECF No. 115; ECF No. 109; 04/29/2025 Tr., ECF No. 143.

        Mr. Truglia was sentenced on December 1, 2022 to eighteen months' incarceration followed by three years' supervised release after he pled guilty to one count of conspiracy to commit wire fraud to steal cryptocurrency in the amount of approximately $20 million. I imposed a restitution obligation in the amount of $20,379,007. At sentencing, Mr. Truglia demonstrated a willingness to re-pay his victim the entire amount stolen, telling the victim, "I'm going to give my best effort to try and [right] my wrongs to you in anyway that's possible moving forward." 12/01/2022 Tr., ECF No. 67. Mr. Truglia failed to pay one cent of his restitution obligation, violating a condition of his supervised release. After conducting several hearings, including evidentiary hearings, and reviewing briefing, I issued an Order of Civil Contempt for Mr. Truglia's failure to comply with the restitution order and deferred resentencing. ECF No. 109.

        Resentencing "to any sentence that might have originally been imposed" is permitted if the defendant "knowingly fails to pay a delinquent fine or restitution." 18 U.S.C. §

1

3614. A sentence of imprisonment on resentencing may be imposed only if I determine "that—(1) the defendant willfully refused to pay the delinquent fine or had failed to make sufficient bona fide efforts to pay the fine; or (2) in light of the nature of the offense and the characteristics of the person, alternatives to imprisonment are not adequate to serve the purposes of punishment and deterrence." *Id.* Courts have the authority to resentence when the conditions outlined by Section 3614 are met, and such authority is constitutional. *See United States v. Colasuonno*, 697 F.3d 164, 182 (2d Cir. 2012); *see also United States v. Bengis*, 03 Cr. 308 (LAK) (AJP), 2017 WL 3605496, at *1, n. 1, n. 4 (S.D.N.Y. July 20, 2017).

At every turn, Mr. Truglia failed to pay restitution and actively evaded law enforcement and judicial efforts to enforce his restitution obligation. Despite evidence at the original sentencing that he owned assets worth $61,830,828.10, well above the imposed restitution obligations, and despite his signed consent to the restitution order, he made no restitution payments. Probation Officer Christopher Davis repeatedly reminded Mr. Truglia of his delinquent restitution obligation, to no avail. *See* 09/18/2023 Tr. 4-9. Instead of paying, Mr. Truglia hid his assets, failed to disclose his Wells Fargo bank account in his financial disclosure form, and made up an uncorroborated and incredible story about his inability to pay, claiming that he did not have the password that would give him access to the cryptocurrency and that he had entrusted it to a friend, Mr. Bennett Genovesi. Mr. Genovesi testified under oath that he never received such a password. And Mr. Truglia gave a different excuse to his Probation Officer, telling Officer Davis that he had looked for the keys to his crypto wallet in a storage unit and that he had failed to find them. Meanwhile, Mr. Truglia made statements to others about having eight figures and continued to fund a lifestyle well beyond his evident means, including

by purchasing luxury goods. I previously found that his "failures to pay were willful," 02/29/2024 Tr. 27:5, ECF No. 115, and issued an Order of Civil Contempt. ECF No. 109.

Subsequently, despite pledging to provide a full and candid financial disclosure and to make efforts in furtherance of paying his restitution obligation, he has failed to fulfill either obligation. He has also failed to comply with a forfeiture order to turn over valuable personal assets. ECF No. 130. To date, Mr. Truglia has made no restitution payments. In light of Mr. Truglia's willful refusal to pay restitution, resentencing is appropriate.

SO ORDERED.

Dated:     July __, 2025
           New York, New York

                                          _____
                                          ALVIN K. HELLERSTEIN
                                          United States District Judge